UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS,<br><br>　　　　　Respondent. | Case No. EDCV 15-01870 CBM-RAO<br><br>ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY |

On May 8, 2015, Petitioner Paul C. Hamilton ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

**I.　FACTUAL AND PROCEDURAL BACKGROUND**[1]

On January 11, 1996, Petitioner was convicted for robbery and carjacking, with the findings that Petitioner suffered two prior serious or violent

---

[1] Unless otherwise indicated, the facts in this section are drawn substantially from the court records in the United States District Court for the Central District of California in Case Nos. 2:97-cv-06111-WMB-CT, 2:99-cv-07359-WMB-CT, 5:10-cv-01461-CBM-SH, and 5:13-cv-00501-CBM-SH, of which this Court takes judicial notice. *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

convictions. On February 7, 1996, Petitioner was sentenced to fifty-two years to life in state prison. On September 17, 1997, following a remand from the California Court of Appeal, the trial court resentenced Petitioner to twenty-seven years to life for the carjacking count, and stayed the sentence for the robbery count.

On August 10, 1997, Petitioner filed a petition for writ of habeas corpus by a person in state custody (the "August 1997 petition") in this Court, challenging his conviction and sentence in the Superior Court of California, County of San Bernardino. Respondent filed an answer to the August 1997 petition on October 16, 1997. On November 17, 1997, Petitioner filed a reply. On November 24, 1997, the Magistrate Judge issued her Report and Recommendation, recommending that the August 1997 petition be dismissed with prejudice on the merits. The Court accepted the Report and Recommendation and dismissed the August 1997 petition on January 5, 1998.

On January 16, 1998, Petitioner filed a notice of appeal. On February 19, 1999, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's judgment.

On July 19, 1999, Petitioner filed a second petition for writ of habeas corpus by a person in state custody (the "July 1999 petition") in this Court, challenging his conviction and sentence in the Superior Court of California, County of San Bernardino. On August 11, 1999, the Court dismissed the July 1999 petition as an unauthorized second or successive petition. On January 3, 2001, the Ninth Circuit denied Petitioner's request for a certificate of appealability.

On September 24, 2010, Petitioner filed a third petition for writ of habeas corpus by a person in state custody (the "September 2010 petition") in this Court, challenging his 1997 resentencing for the same 1996 conviction. On December 28, 2010, the Magistrate Judge issued his Report and Recommendation, recommending that the September 2010 petition be dismissed as being time-barred. The Court accepted the Report and Recommendation and dismissed the September 2010

petition on February 7, 2011. On June 19, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability.

Petitioner then filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) on September 10, 2012. The Court denied Petitioner's Rule 60(b) Motion on November 2, 2012. On February 25, 2013, the Ninth Circuit denied Petitioner's request for a certificate of appealability regarding his Rule 60(b) Motion.

On March 19, 2013, Petitioner filed a fourth petition for writ of habeas corpus by a person in state custody (the "March 2013 petition") in this Court, challenging the 1996 sentence and 1997 resentence. On April 4, 2013, the Court dismissed the March 2013 petition as an unauthorized successive petition. On November 26, 2013, the Ninth Circuit denied Petitioner's request for a certificate of appealability.

On September 11, 2015, Petitioner filed the instant Petition. In the Petition, Petitioner again challenges the same 1996 sentence and 1997 resentence in the Superior Court of California, County of San Bernardino.

## II. DISCUSSION

The instant Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral

3

|   |   |
|---|---|
| 1 | review by the Supreme Court, that was previously unavailable; |
| 2 | or |
| 3 | (B)(i) the factual predicate for the claim could not have |
| 4 | been discovered previously through the exercise of due |
| 5 | diligence; [¶] (ii) the facts underlying the claim, if proven and |
| 6 | viewed in light of the evidence as a whole, would be sufficient |
| 7 | to establish by clear and convincing evidence that, but for |
| 8 | constitutional error, no reasonable factfinder would have found |
| 9 | the applicant guilty of the underlying offense. |
| 10 | (3)(A)  Before a second or successive application permitted by this |
| 11 | section is filed in the district court, the applicant shall move in the |
| 12 | appropriate court of appeals for an order authorizing the district court |
| 13 | to consider the application. |
| 14 | 28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 |
| 15 | Cases in the United States District Courts.  In addition, Rule 4 of the Rules |
| 16 | Governing § 2254 Cases in the United States District Courts provides that if it |
| 17 | plainly appears from the face of the petition and any exhibits annexed to it that the |
| 18 | Petitioner is not entitled to relief in the district court, the judge shall summarily |
| 19 | dismiss the petition. |
| 20 | Here, this Court finds that the instant Petition is a successive petition within |
| 21 | the meaning of 28 U.S.C. § 2244(b).  Petitioner claims that the instant Petition is |
| 22 | not successive because the California Supreme Court's denial of review of his most |
| 23 | recent appeal on August 19, 2015 amounts to a new judgment, citing to *Magwood* |
| 24 | *v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), in support. |
| 25 | (*See* ECF No. 3.)  However, the instant case is distinguishable from *Magwood*.  In |
| 26 | *Magwood*, the judgment was amended after the state trial court held a new |
| 27 | sentencing hearing and imposed a new sentence after a federal court granted habeas |
| 28 | relief.  *Magwood*, 561 U.S. at 323, 326.  Whereas, in this case, the California |

Supreme Court's denial of review did not disturb the finality of his conviction or sentence. (*See* Pet. at 10, 14-15, 31, 42-46, 51); *see also Lucero v. Cullen*, Case No. 12-cv-0957-MCE-EFB, 2014 WL 4546055, at *5-9 (E.D. Cal. Sept. 12, 2014) (finding second petition successive, despite a change in California law in the interval between the two petitions, where California Court of Appeal did not vacate the petitioner's judgment or sentence).

"If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood*, 561 U.S. at 330-31. Petitioner, however, has failed to show that he has obtained permission from the Court of Appeals for the Ninth Circuit to file a successive petition.

Therefore, this Court lacks jurisdiction to consider the merits of the instant Petition. *See Magwood*, 561 U.S. at 331 ("[I]f [petitioner's] application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals."); *see also Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas petition.") (quotations and citation omitted).

### III. CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

DATED: October 8, 2015

　　　　　　　　　　　　　　　　
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE